**EXHIBIT 2**

FILED IN OFFICE
6/25/2015 12:08 PM
LESHAUNA R. JACKSON
CLERK OF SUPERIOR COURT
HANCOCK COUNTY, GEORGIA

## IN THE SUPERIOR COURT OF HANCOCK COUNTY
### STATE OF GEORGIA

MARY SIMS,                                    )
DAVID SIMS, SR.                               )
                                              )
Plaintiffs,                                   )
                                              )
VS.                                           )          Civil Action No.:
                                              )
                                              )          2015-SU-CV-63
WILLIAM EVANS, in his official capacity       )
as Mayor of the City of Sparta; SPARTA        )
POLICE DEPARTMENT; HANCOCK                    )
COUNTY BOARD OF EDUCATION, and                )
GLEN INGRAM, individually,                    )
                                              )
Defendants.                                   )

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Mary Sims and David Sims, Sr. and files this Complaint

seeking damages and declaratory relief against the above reference Defendants, jointly and

severally, showing the Court as follows:

### JURISDICTION

1.

This court has jurisdiction over this action, which arises under the United States

Constitution and law of the United States and the State of Georgia, including 42 U.S.C. § 1983,

Ga. Const., Art. 6, § 4. Paragraph 1, O.C.G.A §15-6-8 and O.C.G.A. § 50-2-21.

### PARTIES and VENUE

2.

Plaintiffs are residents of Sparta, Georgia and are over the age of eighteen years. They

reside at the following address: 1105 Centennial Road, Sparta, Georgia 31087.

3.

Defendant William Evans is sued in his official capacity as mayor of the City of Sparta, (Defendant "City of Sparta"), a City chartered under the law of the State of Georgia and subject to the jurisdiction and venue of this Court. The Sparta Police Department ("Defendant SPD") is a division of the Defendant City of Sparta, located at 12912 Broad Street, Sparta, Georgia 31087.

4.

Defendant Hancock County Board of Education ("Defendant BOE") is a local governing body operating in Hancock County, Georgia, and is subject to the jurisdiction of this court, and venue is proper. The Hancock County Board of Education may be served with a copy of the complaint through its registered agent/Superintendent at its physical address located on the Augusta Highway in Sparta, Georgia 31087.

5.

Defendant Glen Ingram ("Defendant Ingram") is a Resource Officer at Hancock County High School working under the authority of the Sparta Police Department and acted under color of state and federal law at all times pertinent to the allegations of this Complaint. He is sued in his individual capacity.

6.

Venue is proper as to all Defendants are located in the Sparta, Georgia.

7.

Defendant SPD is a Department of the City of Sparta Government and process of service may be had upon Mayor William Evans in his official capacity by delivering a copy of this

Complaint and Summons to: the City of Sparta, City Hall at 12912 Broad Street, Sparta, Georgia 31087.

8.

Defendant Ingram is a resident of the City of Sparta and has been for more than six months prior to this action, he may be personally served with a copy of this Complaint and Summons by delivering it to: 12912 Broad Street, Sparta, Georgia 31087.

## FACTUAL ALLEGATIONS

### City of Sparta's Deliberate Indifference to Constitutional Violations

9.

Plaintiffs incorporate the allegations set forth in paragraphs 1 through 8 as if fully set forth herein.

10.

The Defendant Ingram is an employee of the City of Sparta, Georgia, and the Defendant was employed by the City of Sparta as an Officer.

11.

The Defendant SPD has an agreement with Defendant BOE to provide Resource Officers in the Hancock Central High School.

12.

The Defendant Ingram would not allow Plaintiff Mary Sims to speak with anyone in the front office concerning her son, and he subsequently issued a warrant for her arrest after she would not stop praying for the safety of her son.

## FACTS PARTICULAR TO THE PLANTIFF MARY SIMS

13.

Plaintiffs incorporate the allegations set forth in paragraph 1 through 12, as if fully set forth herein.

14.

On May 17, 2013, Plaintiff Mary Sims traveled to Hancock Central High School to speak with the school counselor about post-secondary financial aid for son. This was the last day of school, so she remained at the school until her son was finished with his classes. Plaintiff Mary Sims remained in her vehicle until her son was ready to leave the school.

15.

Plaintiff Mary Sims was motioned by a wave from her son to come into the school. Plaintiff Mary Sims removed herself from her vehicle to check on son, and was approached by Defendant Ingram walking from the gym. Plaintiff Mary Sims introduced herself to Defendant Ingram, and was informed by Defendant Ingram "that he did not need to know who she was." Defendant Ingram informed Plaintiff about some alleged mischief concerning her son, and Plaintiff Mary Sims started praying that her son will be okay and not harmed in anyway.

16.

Plaintiff Mary Sims watched as her son was being handcuffed at school and was still praying that her son would be okay. After Plaintiff's son was handcuffed by the police, Plaintiff Mary Sims was asked to leave the room and go into another office, where she was asked by Defendant Ingram for her license. Plaintiff Mary Sims asked Defendant Ingram why she needed to provide her license, but Defendant only responded, "Give me your license." Plaintiff Mary Sims complied with his request.

17.

Defendant Ingram came back into the office where Plaintiff Mary Sims was sitting and informed her that she was being arrested. Plaintiff Mary Sims was allowed to leave the premises in order to not have her vehicle towed; however, a warrant was issued for Plaintiff Mary Sims arrest. Plaintiff Mary Sims was arrested the same evening when she went to visit her son, who had been arrested earlier that day at school.

18.

That at all times during the false/wrongful arrest Defendant Ingram was on duty as a Resource Officer with the City of Sparta (working at Hancock Central High School) and Plaintiff Mary Sims was a parent only praying for the safety of her son.

19.

That Plaintiff Mary Sims was arrested and charged with Obstruction of Officer, which was dismissed by the jury at trial.

20.

That Plaintiff Mary Sims suffered mental anguish and embarrassment from being wrongfully arrested.

## COUNT I

## ILLEGAL SEIZURE/ARREST

21.

Plaintiffs herein incorporates the allegations of paragraphs 1 through 20, as if fully set forth herein.

22.

Plaintiff Mary Sims had the right under the Fourth Amendment to the United States Constitution to be free from illegal searches and seizures.

23.

Plaintiff Mary Sims had the right under the Fourteenth Amendment to the United States Constitution to be free from unauthorized and intentional deprivation of her life and liberty without the due process of law.

24.

That the Defendant Ingram acted under the color of the statutes, ordinances, regulations and custom of the State of Georgia at all times relevant to this matter.

25.

That the Defendant Ingram acted with reckless disregard for the risk of physical and mental harm posed by his conduct and reckless indifference to an individual based on religious purposes.

26.

In all of the foregoing, these Defendants acted with reckless, deliberate and callous indifference to the constitutional protected rights of the Plaintiff.

27.

That these Defendants are jointly and severally liable for the entire damages suffered by the Plaintiffs.

28.

That as a direct and proximate result of the conduct of the Defendants, as set forth above, Plaintiff Mary Sims and Plaintiff David Sims continues to suffer mentally and has sustained an economic loss with the fear of being falsely arrested again by the police.

## COUNT II

### FALSE ARREST

29.

Plaintiffs herein incorporates the allegations set forth in paragraphs 1 through 28, as if fully set forth.

30.

The acts of the Defendant Ingram constituted a breach of the Georgia Constitution, which provides that: "no warrant shall be issued except for probable cause." *See* Ga Const. Art. I, § I, paragraphs XIII.

31.

As a direct and proximate result of the conduct of Defendants, as set forth above, Plaintiff Mary Sims and Plaintiff David Sims sustained serious injury and has continued to suffer mental pain and loss of enjoyment of life, for which the Defendants are liable in this action, jointly and severally.

## COUNT III

### FALSE ARREST UNDER GEORGIA LAW

32.

Plaintiffs herein incorporates the allegations of paragraphs 1 through 31, as if fully set forth.

33.

The Defendant Ingram intended to arrest Plaintiff Mary Sims for being a praying mother while in his capacity as an Officer of Sparta Police Department. Such act constitutes an unlawful detention of her personal liberty, under the law of Georgia, and are actionable under O.C.G.A § 51-7-20.

34.

The Defendant Ingram did not make this arrest in good faith. Such act constitutes an unlawful detention of her personal liberty and an award of damages, under the law of Georgia, and are actionable under O.C.G.A § 51-7-21.

35.

That the Defendant Ingram, with oppression and intent to humiliate and arrest Plaintiff Mary Sims, committed False Arrest on Plaintiff Mary Sims and did so under color of legal process.

36.

As a direct and proximate result of the conduct of Defendants, as set forth above, Plaintiff Mary Sims sustained and has continued to suffer mental pain and loss of enjoyment of life, for which the Defendants are liable in this action, jointly and severally.

## COUNT IV

## PUNITIVE DAMGES

37.

Plaintiffs incorporate the allegations set forth in paragraphs 1 through 36, as if fully set forth herein.

38.

The acts of Defendant Ingram, as set forth herein, were willful, wanton, malicious, extreme and oppressive as to entitle Plaintiff Mary Sims and David Sims to an award of punitive damages against these Defendants.

## BAD FAITH

39.

Plaintiffs incorporates the allegation set forth in paragraphs 1 through 38, as if fully set forth herein.

40.

The acts of the Defendant Ingram were committed in bad faith and thereby give rise to Plaintiffs' claim to bad faith fees and expenses pursuant to Georgia Law.

## COUNT V.

## LOSS OF CONSORTIUM

41.

Plaintiffs incorporates the allegations set forth in paragraphs 1-40, as if fully set forth herein.

42.

The Plaintiff David Sims, Sr. has suffered mental anguish and emotional distress knowing that his wife was falsely arrested and there was nothing he could do to avoid this situation. Plaintiff David Sims still remembers this incident and has had a hard time coping with this incident. It is also different to enjoy the comforts of his wife due this incident.

## COUNT VI.

## WAIVER OF IMMUNITY

### 43.

Plaintiffs incorporates the allegation set forth in paragraphs 1 through 42, as if fully set forth herein.

### 44.

The Defendants, in accordance with O.C.G.A § 33-24-51, have waived sovereign immunity to the extent of the limits of the existing insurance coverage purchased by the Hancock County Board of Education and City of Sparta.

### 45.

The Hancock County Board of Education and City of Sparta has in fact purchased insurance to cover accusations and its employees and agents in regards to losses resulting from such persons tortuous acts, and have therefore waived any sovereign immunity and official immunity to the extent of such coverage.

## PLAINTIFFS PRAYER FOR RELIEF

On the basis of the foregoing, Plaintiffs respectfully pray that this Court:

a.   Assume jurisdiction over this action;

b.   Award Plaintiffs actual damages, including past and future expenses and other economic loss;

c.   Award Plaintiffs general damages for mental anguish and emotional distress, in an amount to be determined by the enlighten conscience of an impartial jury,

d.   Award Plaintiffs nominal damages for violations of Plaintiff Mary Sims' constitutional rights;

e.  Award Plaintiffs punitive (exemplary) damages against the individual Defendants, to the extent permitted by law, and award fees and expenses as authorized by O.C.G.A. § 13-6-11;

f.  Award Plaintiff David Sims, Sr. Loss of Consortium;

g.  Award Plaintiffs attorney fees under 42 U.S.C. § 1988 and other applicable provision of law;

h.  Declare that Defendants violated Plaintiff's Mary Sims' rights under the United States Constitution; and

i.  Award such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of June, 2015.


LATOYA A. HUTCHINSON
Attorney for Plaintiffs
GA Bar No.: 564338

**Georgia Legal Resource Center & Law Group, LLC**
P. O. BOX 13
GREENSBORO, GA 30642
(P): 706-453-9055
(F): 706-453-4156

FILED IN OFFICE
6/25/2015 12:08 PM
LESHAUNA R. JACKSON
CLERK OF SUPERIOR COURT
HANCOCK COUNTY, GEORGIA

## VERIFICATION

Personally appeared Mary Sims before the undersigned, who is duly

authorized to administer oaths, after being sworn, she states that the facts

contained in the Complaint for Damages are true and correct to the best of her

knowledge and belief.

This _24th_ day of _June_____, 2015.

_____
MARY SIMS

Sworn to and subscribed before me

this _24th_ day of _June___, 2015.

_____
NOTARY

MY COMMISSION
EXPIRES
SEPT. 4, 2018

FILED IN OFFICE
6/25/2015 12:08 PM
LESHAUNA R. JACKSON
CLERK OF SUPERIOR COURT
HANCOCK COUNTY, GEORGIA

## **VERIFICATION**

Personally appeared David Sims, Sr. before the undersigned, who is duly

authorized to administer oaths, after being sworn, he states that the facts contained

in the Complaint for Damages are true and correct to the best of his knowledge

and belief.

This 24th day of June , 2015.

DAVID SIMS, SR.

Sworn to and subscribed before me

this ___ day of June , 2015.

NOTARY

MY COMMISSION
EXPIRES
SEPT. 4, 2018

SHERIFF'S ENTRY OF SERVICE                    SC-85-2                    REORDER FROM TOMMY CASTLEBERRY CO. 770-786-2301

| | | | | |
|---|---|---|---|---|
| Superior Court | ☑ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | |

Civil Action No. _____

Date Filed _____

Georgia, _____ COUNTY

Attorney's Address

_____

_____

Plaintiff

VS.

Name and Address of Party to be Served.

Dr. Charles Culver, Howard ____

1121 Bay ____ ____

_____

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☑ I have this day served the defendant _Dr. Charles Culver_____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _29_ day of _June_ , 20 _15_ .

_signature_
DEPUTY

SHERIFF DOCKET _B 15_ PAGE _32_