IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARY SIMS and DAVID SIMS, SR., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 5:15-cv-00285-CAR |
| | ) | |
| | ) | |
| WILLIAM EVANS, in his official capacity | ) | |
| as Mayor of the City of Sparta; SPARTA | ) | |
| POLICE DEPARTMENT; HANCOCK COUNTY | ) | |
| BOARD OF EDUCATION, and GLEN INGRAM, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF
DEFENDANT HANCOCK COUNTY BOARD OF EDUCATION**

**INTRODUCTION**

Plaintiffs Mary and David Sims ("Plaintiffs") filed a Complaint against the Hancock

County Board of Education[1] (hereafter "School District"), the Sparta Police Department,

William Evans in his official capacity as Mayor of the City of Sparta and Glen Ingram.[2]

Plaintiffs' Complaint alleges violation of the Fourth and Fourteenth Amendments of the United

States Constitution, brought pursuant to 42 U.S.C. § 1983.  The Complaint also brings claims

under the Georgia Constitution, as well as state tort claims.  The School District, with the

---

[1] The Hancock County Board of Education is not a proper party capable of being sued.  By filing this Motion, this Defendant is not waiving the right to assert that the "Hancock County Board of Education" is not a property party.  The proper party is the Hancock County School District and this Defendant will refer throughout this Motion to Defendant "School District."

[2] This Motion is filed only on behalf of the School District.

expressed consent of the other Defendants, timely removed Plaintiffs' Complaint to this Court on

July 23, 2015 since the Complaint raises federal claims.

Because the factual allegations in the Complaint cannot give rise to the claims Plaintiffs

attempt to bring against the School District, whether under federal or state law, the School

District moves to dismiss those claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  The School District contends that Plaintiffs' Complaint must be dismissed for the

following reasons: (1) the statute of limitations has run on Plaintiffs' claims and (2) their state

law claims against the School District also fail on the basis of sovereign immunity.

## STATEMENT OF FACTS[3]

For purposes of this motion, the relevant facts are on May 17, 2013, Plaintiff Mary Sims

came to Hancock Central High School regarding her son.  *Plaintiffs' Complaint*, Doc. 1-2, ¶ 14.

At some point on this same day, both Plaintiff Mary Sims and her son were arrested.  *Id*. ¶¶ 14-

18.  Plaintiffs' Complaint contains a description of some of the alleged facts that relate to the

purported wrongful arrest, but for purposes of this Motion, those allegations are not relevant.

Plaintiffs filed their Complaint in the Superior Court of Hancock County on June 25, 2015.  See

*Removed Complaint,* Doc. 1-2 at 1.  In addition to the Section 1983 claims, the Complaint raises

a claim for false arrest under the Georgia Constitution and laws, as well as a loss of consortium

claim for Plaintiff David Sims, Sr.

## STANDARD OF REVIEW

This Motion to Dismiss is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  Such motions are subject to the standard of review set forth in two decisions of the

---

[3] Because this is a Rule 12(b)(6) Motion to Dismiss and the Court must accept the allegations in
the Complaint as true and construe the facts in a light most favorable to Plaintiff, GSW, Inc. vs.
Long Cnty., 999 F.2d 1508 (11th Cir. 1993); Grossman v. Nationsbank, N.A., 225 F.3d 1228
(11th Cir. 2000), the School District sets forth the "facts" as alleged in the Complaint but will
deny most of them and reserves the right to present evidence to dispute them.

United States Supreme Court:  Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In Bell Atlantic, the Supreme Court altered the standard for reviewing a motion to dismiss.  That decision overturned the fifty year old test of "no set of facts" established in Conley v. Gibson, 355 U.S. 41 (1957), and announced a standard that "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation," as the Court has described it more recently in Iqbal.  Quoting further from Bell Atlantic, the Court in Iqbal explained that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citations omitted).  And those factual allegations, accepted as true, must state a "plausible" claim, meaning that they must suggest more than the "sheer possibility" but less than the probability of a viable claim.

For purposes of this Motion, it is important to note that the Court in Iqbal emphasized that district courts need not accept legal conclusions as true.  In other words, Plaintiffs' assertion in ¶¶ 44-45 of the Complaint that the School District has waived sovereign immunity through the purchase of insurance is a conclusion of law that is not supported by well-established law regarding the doctrine of sovereign immunity provided under the Georgia Constitution.

### ARGUMENT AND CITATION OF AUTHORITY

I.      Plaintiffs' claims must be dismissed because the statute of limitations has run.

Because no federal statute governs the statute of limitations period for claims brought under 42 U.S.C. § 1983, the United States Supreme Court has held that the proper limitations period is the personal injury limitations period of the forum state.  Wilson v. Garcia, 471 U.S. 261 (1985).  In Georgia, personal injury claims are governed by O.C.G.A. § 9-3-33, which provides that claims must be filed within two years after the right of action accrues.  Inman v. State Bar of Georgia, 2015 WL 2342850 at *2 (11th Cir. 2015) ("In Georgia, the proper

limitations period for all § 1983 claims is the two-year period set forth in O.C .G.A. § 9–3–33 for

personal injuries.");   see also Harris v. Goderick, 2015 WL 1812769 at *3 (11th Cir. 2015)

(affirming dismissal of Section 1983 false arrest claims because the claims were barred by the

statute of limitations).  False arrest claims brought pursuant to § 1983 accrue when the claimant

is detained pursuant to a legal process.  Jones v. Union City, 450 F. App'x 807, 809 (11th Cir.

2011) (citing Wallace v. Kato, 549 U.S. 384 (2007)).

     In this case, Plaintiff Mary Sims's arrest occurred on May 17, 2013, as noted above.

Plaintiffs did not file their Complaint until June 25, 2015—over a month too late.  Therefore, all

of Plaintiffs' claims—both her state law claims and the Section 1983 claim—must be dismissed.

See Valades v. Uslu, 301 Ga. App. 885 (2009) (applying the two-year statute of limitations

provided under OCGA § 9–3–33 to false arrest claim under state law).

> II.    Plaintiffs' state law claims against the School District are also barred by the
>        doctrine of sovereign immunity.

In addition to being barred by the running of the statute of limitations, Plaintiffs' claims

under the Georgia Constitution, as well as the state tort claims, must be dismissed on the basis of

sovereign immunity found in Georgia's Constitution and the well-developed body of case law

that has interpreted and applied this principle repeatedly over the last twenty years.

The starting point in any sovereign immunity analysis is the Georgia Constitution, which

provides in relevant part that:

> [E]xcept as specifically provided in this Paragraph, sovereign immunity extends
> to the state and all of its departments and agencies.  The sovereign immunity of
> the state and its departments and agencies can only be waived by an Act of the
> General Assembly which specifically provides that sovereign immunity is thereby
> waived and the extent of such waiver.

Georgia Const. 1983 Art. 1, Sect. 2, Par. 9(e).  Thus, the Constitution provides *absolute*

sovereign immunity to the "state and all of its departments and agencies" for *all* tort claims,

including intentional tort claims, and not merely those based on negligent conduct.  See Pelham

v. Bd. of Regents of Univ. Sys. of Ga., 321 Ga. App. 791 (2013); Ga. State Bd. of Pardons and

Paroles v. Finch, 269 Ga. App. 791 (2004); Dep't of Human Res. v. Coley, 247 Ga. App. 392

(2000); Wellborn v. DeKalb Cnty. Sch. Dist., 227 Ga. App. 377 (1997).  Even tort claims that

allege violation of Georgia constitutional rights are barred.  Miller v. Dep't of Pub. Safety, 221

Ga. App. 280 (1996).

The case law construing the meaning of "the state and all of its departments and

agencies" as encompassing counties and county school districts is, by now, extremely well

established.  Gilbert v. Richardson, 264 Ga. 744 (1994); Coffee Cnty. Sch. Dist. v. Snipes, 216

Ga. App. 293 (1995); Perkins v. Morgan Cnty. Sch. Dist., 222 Ga. App. 831 (1996); Crisp Cnty.

Sch. Sys. v. Brown, 226 Ga. App. 800 (1997); Payne v. Twiggs Cnty. Sch. Dist., 232 Ga. App.

175 (1998); Athens – Clarke Cnty. v. Torres, 246 Ga. App. 215 (2000).

Although this constitutional provision authorizes the legislature to waive sovereign

immunity by specific statutory enactment, the General Assembly has yet to enact a waiver for

claims brought against county school districts.  The waiver enacted through the Georgia Tort

Claims Act applicable to claims brought against the State does not apply to counties or county

school districts.  Woodard v. Laurens Cnty., 265 Ga. 404 (1995); Snipes, 216 Ga. App. at 295.

Furthermore, contrary to Plaintiffs' contention in their Complaint, the Court of Appeals has held

that the provisions of O.C.G.A. § 20-2-991, which authorize school districts to purchase general

liability insurance, do **not** constitute a waiver of a school district's sovereign immunity.  Davis v.

Dublin City Bd. of Educ., 219 Ga. App. 121, 123 (1995) ("'there is no legislative act specifically

providing that sovereign immunity of the [board of education] is waived and the extent of such

waiver'") (quoting from Snipes, 216 Ga. App. at 296).  Thus, even had the School District

purchased the insurance the Plaintiffs allege in ¶¶ 44-45 of the Complaint, that act does not

waive sovereign immunity.

## CONCLUSION

For the above-stated reasons, the Hancock County School District respectfully requests

the Court to grant its Motion to Dismiss.

Respectfully submitted, this 24th day of July, 2015.

HARBEN, HARTLEY & HAWKINS, LLP

*s/Hieu M. Nguyen*
Phillip L. Hartley
Georgia Bar No. 333987
Hieu M. Nguyen
Georgia Bar No. 382526
Attorneys for Defendant Hancock County
Board of Education

Wells Fargo Center, Suite 750
340 Jesse Jewell Parkway
Gainesville, Georgia 30501
Telephone: (770) 534-7341
Facsimile: (770) 532-0399
Email: phartley@hhhlawyers.com
Email: hnguyen@hhhlawyers.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| MARY SIMS and DAVID SIMS, SR., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 5:15-cv-00285-CAR |
| | ) | |
| | ) | |
| WILLIAM EVANS, in his official capacity | ) | |
| as Mayor of the City of Sparta; SPARTA | ) | |
| POLICE DEPARTMENT; HANCOCK COUNTY | ) | |
| BOARD OF EDUCATION, and GLEN INGRAM, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2015, I electronically filed the *Brief in Support of Motion to Dismiss on Behalf of Defendant Hancock County Board of Education* with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

LaToya A. Hutchinson, Esq.
Georgia Legal Resource Center & Law
  Group, LLC
P. O. Box 13
Greensboro, Georgia 30642
lah@hutchinsonlawoffices.com

Thomas F. Richardson
Chambless, Higdon, Richardson,
  Katz & Griggs, LLP
3920 Arkwright Road, Suite 405
P. O. Box 18086
Macon, GA 31209-8086
trichardson@chrkglaw.com

I hereby certify that I have mailed by United States Postal Service the document to the following:

Randall C. Farmer
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, GA 30060
rfarmer@gregorydoylefirm.com

7

**HARBEN, HARTLEY & HAWKINS, LLP**


*s/Hieu M. Nguyen*
Hieu M. Nguyen
Georgia Bar No. 382526
Wells Fargo Center, Suite 750          Attorney for Defendant Hancock County
340 Jesse Jewell Parkway                  Board of Education
Gainesville, Georgia 30501
Telephone:  (770) 534-7341
Facsimile:  (770) 532-0399
Email:   hnguyen@hhhlawyers.com