IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARY SIMS and DAVID SIMS, SR., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:15-CV-285 (CAR) |
| | : | |
| WILLIAM EVANS, in his official | : | |
| capacity as Mayor of the City of Sparta; | : | |
| SPARTA POLICE DEPARTMENT; | : | |
| HANCOCK COUNTY BOARD OF | : | |
| EDUCATION; and GLEN INGRAM, | : | |
| individually; | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS
## AND PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs originally filed their Complaint in the Superior Court of Hancock County, Georgia, alleging violations of 42 U.S.C. § 1983 and various state laws based on Plaintiff Mary Sims's perceived unlawful arrest and subsequent prosecution for obstruction of an officer. Defendants timely removed the case to this Court based on federal question jurisdiction.

Now before the Court are Defendant Hancock County Board of Education's Motion to Dismiss; Defendants William Evans and the Sparta Police Department's Motion to Dismiss; Defendant Glen Ingram's Motion to Dismiss; and Plaintiffs' Motion to Amend Complaint. Having considered the relevant facts, applicable law, and the parties'

filings, Defendants' Motions to Dismiss [Docs. 3, 4, and 5] are all **GRANTED IN PART as to Plaintiffs' 42 U.S.C. § 1983 claims**, and Plaintiff's Motion to Amend Complaint regarding Plaintiffs' proposed § 1983 malicious prosecution claim [Doc. 13] is **DENIED as futile**. Thus, Plaintiffs' claims pursuant to 42 U.S.C. §1983 are hereby **DISMISSED**. Because the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, this action is hereby **REMANDED** to the Superior Court of Hancock County.

**BACKGROUND**

For purposes of this Motion, the Court accepts as true all well-pleaded facts in Plaintiffs' Complaint.

On May 17, 2013, the last day of school, Plaintiff Mary Sims went to Hancock Central High School to speak with the school counselor about post-secondary financial aid for her son. Ms. Sims then waited in her car until her son finished with his classes and was ready to leave school. While waiting in her car, Ms. Sims's son motioned for her to come into the school.  As she got out of her car, Defendant Glen Ingram, a school resource officer, approached her, and she introduced herself. Defendant Ingram informed her about some alleged mischief involving her son, and Ms. Sims began praying that her son would be okay and not harmed.

Thereafter, Ms. Sims continued to pray as her son was handcuffed at school and arrested. Ms. Sims was then asked to go into another office; she complied with Defendant

Ingram's directive to produce her license. Defendant Ingram then came back into the office where Ms. Sims was sitting and informed her that she was being arrested. Ms. Sims was allowed to leave the premises so her vehicle would not be towed. A warrant was issued for Ms. Sims's arrest, and she was arrested that evening when she went to visit her son. Ms. Sims was charged with obstruction of an officer, and the charges were dismissed by a jury at trial.

Defendants seek to have this case dismissed on various grounds including that the claims are barred by the statute of limitations, qualified immunity, official immunity, and failure to state a claim upon which relief may be granted.  Thereafter, Plaintiffs filed a Motion to Amend the Complaint seeking to add additional federal and state law claims. All motions are now ripe for ruling.

## LEGAL STANDARDS

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1]  To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

is liable for the misconduct alleged."[3]   The plausibility standard requires that a plaintiff

allege sufficient facts "to raise a reasonable expectation that discovery will reveal

evidence" that supports a plaintiff's claims.[4]

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending

pleadings and provides that a party may amend its pleading once as a matter of course

within certain time constraints.[5] Where, as in this case, the time to amend as a matter of

course has passed, a party may amend its pleading only by leave of court or by written

consent of the opposing party.[6]   Generally, when leave to amend is sought, "it shall be

freely given when justice so requires."[7]   However, factors such as undue delay, undue

prejudice to defendants, and futility of the amendment are sufficient to justify denying a

motion to amend.[8]

## DISCUSSION

In their Complaint, Plaintiffs assert § 1983 claims for false arrest and unlawful

search and seizure in violation of the Fourth and Fourteenth Amendments, and state-law

claims for false arrest, bad faith, loss of consortium, and punitive damages. In the Motion

to Amend Complaint, Plaintiffs seek to assert claims for malicious prosecution under both

---

[3] *Id.*
[4] *Bell Atlantic Corp.*, 550 U.S. at 556.
[5] Fed. R. Civ. P. 15(a).
[6] *Id.*
[7] *Id.*
[8] *Foman v. Davis*, 371 U.S. 178, 182 (1952).

§ 1983 and Georgia law, and an intentional infliction of emotional distress claim under Georgia law.  As explained below, Plaintiffs' § 1983 claims must be dismissed because they are barred by the statute of limitations, and thus, the Court finds it unnecessary to address Defendants' arguments regarding dismissal based on other grounds. Moreover, Plaintiffs' proposed § 1983 malicious prosecution claim fails to state a claim upon which relief may be granted, and thus Plaintiff's Motion to Amend Complaint to add such a claim must be denied as futile.  Finally, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands those claims to the Superior Court of Hancock County, Georgia.

§ 1983 Claims

In the Complaint, Plaintiffs allege § 1983 claims for illegal search and seizure and false arrest. Under the Fourth Amendment, an individual has a right to be free from "unreasonable searches and seizures."[9] An arrest is "the quintessential seizure of the person."[10] However, even brief seizures short of traditional arrest violate the Constitution unless "there exists reasonable suspicion that criminal activity may be afoot."[11] A § 1983 claim for false arrest derives from the constitutional right to be free from unreasonable searches and seizures.

---

[9] U.S. Const. amend. IV.
[10] *California v. Hodari D.*, 499 U.S. 621, 624 (1991).
[11] *West v. Davis*, 767 F.3d 1063, 1077 (11th Cir. 2014) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

It appears Plaintiffs' illegal search and seizure claim is based on Ms. Sims's arrest, and thus, the illegal search and seizure claim must be dismissed as duplicative of the false arrest claim.  However, even if they are not duplicative, both claims must be dismissed because they are barred by the applicable two-year statute of limitations. Claims under section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the [suit] has been brought."[12] Under Georgia law, the statute of limitations period for personal injury actions is two years.[13] The accrual date of claims under section 1983, however, "is a question of federal law that is not resolved by reference to state law."[14] "It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action."[15] A claim of false arrest accrues from the date on which the plaintiff was detained pursuant to legal process, for example, when he is bound over a magistrate or initially arraigned on charges.[16]

Here, Plaintiff Mary Sims's arrest (and any other seizure) occurred on May 17, 2013, but Plaintiffs did not file their Complaint until June 25, 2015, more than two years after she was detained pursuant to legal process.  Plaintiffs' argument that the statute of limitations should be tolled pursuant to O.C.G.A. § 9-3-99 is misguided. Although Georgia law does

---

[12] *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

[13] O.C.G.A § 9-3-33.

[14] *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

[15] *McNair v. Allen*, 515 F.3d 1168, 1174 (2008).

[16] *Kato*, 549 U.S. at 389-91.

provide for statutory tolling of a tort claim arising from a crime until the prosecution of the person who committed that crime is final, "[t]hat tolling [ ] is expressly limited to 'any cause of action in tort that may be brought *by the victim* of an alleged crime,'" not the *defendant* charged with the crime.[17] Plaintiff Mary Sims was the *defendant*, not the victim, in the alleged crime, and therefore § 9-3-99 did not toll the two-year statute of limitations period. Thus, Plaintiffs' § 1983 unlawful search and seizure and false arrest claims are clearly barred by Georgia's two-year statute of limitations, and as such, the Court finds it unnecessary to address Defendants' alternative arguments regarding dismissal of the claims.

Proposed Claim for Malicious Prosecution

Plaintiffs request to amend their complaint to add a § 1983 claim for malicious prosecution. The Court notes that Plaintiffs failed to attach a proposed amended complaint to their motion to amend. Although filing a proposed amended complaint is the preferred practice in this Court, such failure is not, in itself, a valid basis to deny the motion to amend.[18] A motion to amend "is sufficient if that motion itself 'sets forth the substance of the proposed amendment.'"[19] Plaintiffs' Motion, however, fails to do so and therefore must be denied as futile.

---

[17] *Bridgewater v. DeKalb County*, 430 F. App'x 837, 838 (11th Cir. 2011) (quoting O.C.G.A. § 9-3-99) (emphasis added).
[18] *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).
[19] *Id.* (quoting *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)).

"To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution."[20] The elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."[21] The Eleventh Circuit has recognized that although ultimately federal law governs the elements of a § 1983 malicious prosecution claim, state law can "help inform the elements of the common law tort of malicious prosecution."[22] Under Georgia law, "[m]alice is an essential element of a malicious prosecution claim."[23] The Georgia Code defines malice as consisting "in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured." "The requisite malice may be inferred from a total lack of probable cause."[24]

Although Plaintiffs allege Ms. Sims was arrested without probable cause, it is simply a legal conclusion, with no factual allegations. Plaintiffs allege that Defendants "failed to make a good faith effort to ascertain the truth, when it was right in their faces,"

---

[20] *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).

[21] *Id.* at 881-82 (citation omitted).

[22] *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citation and internal quotation marks omitted); *see also Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) ("As to the constituent elements of the common law tort of malicious prosecution, this Court has looked to both federal and state law and determined how those elements have historically developed.").

[23] *Valades v. Uslu*, 301 Ga. App. 885, 889 (2009).

[24] *McKissick v. S.O.A., Inc.*, 299 Ga. App. 772, 774 (2009) (citation and internal quotation marks omitted).

and that "Defendant Ingram had no probable cause to arrest Plaintiff Mary Sims, and knew at the time of arrest that [Ms. Sims] had committed no illegal act that would warrant her arrest."[25] Such allegations are simply legal conclusions that wholly fail to establish a plausible claim for malice.

Although Federal Rule of Civil Procedure 8(a) does not required "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."[27] Here, the proposed allegations surrounding Plaintiffs' proposed § 1983 malicious prosecution claim are conclusions that fail to raise the claim above the speculative level. As such, Plaintiffs fail to state a claim upon which relief may be granted, and thus their Motion to Amend to add a § 1983 malicious prosecution claim must be dismissed as futile.

Exercise of Supplemental Jurisdiction

Having dismissed Plaintiff's federal claims, the Court must now determine whether it should exercise supplemental jurisdiction over the remaining state law

---

[25] Motion to Amend Complaint, p. 2 [Doc. 13].
[26] *Twombly*, 550 U.S. at 555 (citations omitted).
[27] *Id.* (citations and footnote omitted).

claims.[28]  The Court may decline to exercise supplemental jurisdiction over non-diverse state law claims if:

> (1) The claim raises a novel or complex issue of State law,
>
> (2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) The district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.[29]

Additionally, in deciding whether or not to exercise supplemental jurisdiction over pendent state law claims under § 1367(c), a court should also consider the interest of judicial economy, convenience, fairness to the litigants, and comity.[30]

Here, all of the federal claims over which this Court has original jurisdiction must be dismissed.  "When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining

---

[28] *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

[29] 28 U.S.C. § 1367(c).

[30] *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994).

state law claims."[31]   The Eleventh Circuit has repeatedly stated that "[s]tate courts, not federal courts, should be the final arbiters of state law."[32]   Having fully considered the matter, the Court concludes that Plaintiff's state law claims should be determined by the Georgia courts.   Thus, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c).

## CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss [Docs. 3, 4, and 5] are all **GRANTED IN PART as to Plaintiffs' 42 U.S.C. § 1983 claims**, and Plaintiff's Motion to Amend Complaint regarding Plaintiffs' proposed § 1983 malicious prosecution claim [Doc. 13] is **DENIED as futile**. Thus, Plaintiffs' claims pursuant to 42 U.S.C. §1983 are hereby **DISMISSED**. Because the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, this action is hereby **REMANDED** to the Superior Court of Hancock County.

**SO ORDERED**, this 14th day of December, 2015.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[31] *Arnold v. Tuskegee Univ.*, 212 F. App'x 803, 811 (11th Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).
[32] *See, e.g., Baggett v. First Nat. Bank of Gainesville*, 117 F.2d 1342, 1353 (11th Cir. 1997).